STATE v. HERSHEL FRAZIER CARVER.

(Filed 24 November, 1965.)

**Searches and Seizures § 1—**

> A search warrant is not required for search by officers of a car of one of defendants at the scene where defendants were apprehended in the act of breaking and entering a store.

APPEAL by defendant Hershel Frazier Carver from *McLean, J.,* July, 1965 Session, BUNCOMBE Superior Court.

The defendant and Herman Mitchell Hutchinson were charged in bills of indictment: (1) the felonious possession implements of house breaking without lawful excuse (specifying a long list, including a crowbar, sledge hammer, punches, etc.); (2) the felonious breaking and entering Moore's Bakery for the purpose of committing larceny. The offenses are alleged to have occurred in Asheville on April 17, 1965.

The evidence disclosed that about midnight on April 16-17, 1965, two police officers discovered the defendants attempting to break into Moore's Bakery which contained various articles of personal property, including money and two safes. The police officers had gone to the building pursuant to a call from an informer. Hutchinson was in the act of prying the door open with a crowbar; Carver was assisting by pulling on the door when the officers arrived. Hutchinson started to run, refused to halt at the officers' command, and he was shot and wounded. The defendant remained at the door with his hands up. The police officers searched a parked automobile about 60 or 70 feet across the street from the bakery. Witnesses had told the officers that they had seen the two defendants leave the automobile and, being suspicious, notified the officers. This information caused them to go to the bakery where they apprehended the defendants attempting to open the door. The officers found a wrench, sledge hammer, punches, and other tools in a kit on the floorboard of the automobile behind the front seat. There was a jacket over the tool kit containing these articles.

The jury returned a verdict of guilty on the count of possessing the house breaking tools, and of an attempt to break and enter. From a judgment of eight to ten years for possessing the tools, and 20 to 24 months on the second charge, to run consecutively, the defendant Carver appealed.

*T. W. Bruton, Attorney General, Charles E. Clement, Staff Attorney for the State.*

*Gary A. Sluder for defendant appellant.*

PER CURIAM. The defendant's court-appointed counsel has strenuously argued here that the court committed error in permitting the State to introduce the sledge hammer and other tools found in the automobile. The defendant Carver admitted the car was his, but he insists the implements were not admissible because they were obtained from a vehicle without a search warrant. However, the officers had been advised of the suspicious circumstances surrounding the two defendants and their automobile parked nearby at midnight, and the search was made only after the two men had been observed in the act of breaking into the bakery. This evidentiary background gave the officers probable cause to search the automobile and rendered the search reasonable. In the trial and judgment, we find

No error.